UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS, | No. 2:24-cv-1092 CSK P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff alleges that he was told he had blood cancer by C yard Dr. Hia Nyo and RN Sabreana Hernandez. (ECF No. 1 at 3.) Plaintiff alleges that he had written six grievances regarding how Hernandez treated plaintiff on his visits to the C yard clinic concerning her harsh treatment. Plaintiff alleges that Hernandez cooked up the false blood cancer diagnosis to hurt plaintiff because she knew a bone biopsy would be done, and the doctor went along with the lie. As a result, a hot drill was driven into plaintiff's left buttock without anesthesia or numbing medication, causing extreme pain. Plaintiff admits he was given Fentanyl but alleges it did not kick in until twenty or thirty minutes after the procedure was completed. Plaintiff claims he suffers pain in his left thigh day and night. (ECF No. 1 at 3.)

In his second claim, plaintiff alleges that defendant Hernandez refused to put on a new band aid, and plaintiff left the clinic with two band aids in his left hand.  (ECF No. 1 at 4.)  Plaintiff alleges that his right as a senior citizen was violated.  (Id.)

In his third claim, plaintiff alleges that he was punished for being a black man, marks the retaliation box, and repeats his prior allegations concerning the bone biopsy.

As defendants, plaintiff names Dr. Nyo, Sabreana Hernandez, Mule Creek State Prison, and San Joaquin General Hospital.  (ECF No. 1 at 2.)  Plaintiff seeks money damages, and also appears to claim he has not had a follow-up appointment with oncology.  (ECF No. 1 at 6.)

Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

Claim I

Defendants Dr. Nyo and RN Hernandez

First, absent facts not plead here, the Court is unable to determine whether plaintiff's retaliation claims are plausible.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

4

In order to determine whether plaintiff's allegations are plausible, plaintiff must provide more context for how it was decided that he should receive a bone biopsy, and on what facts he bases his claim that Dr. Nyo "went along with" defendant Hernandez's purported plot to subject plaintiff to a bone biopsy to punish him rather than to determine he was not suffering from bone cancer because it is common knowledge that bone biopsies are performed to diagnose certain cancers. Usually, only doctors order a bone biopsy. Plaintiff's allegation that he has not received an oncology follow-up suggests that plaintiff is concerned about cancer, raising an inference that the biopsy was performed to determine whether plaintiff had cancer. In addition, plaintiff does not identify who performed the bone biopsy, for example, whether it was performed at the prison by Dr. Nyo, or at San Joaquin General Hospital. Further, plaintiff provides no facts demonstrating that Dr. Nyo was aware of plaintiff's grievances against defendant Hernandez. Moreover, alleging that a supervisor was "aware" is insufficient, particularly if plaintiff is attempting to raise a retaliation claim against Dr. Nyo.[1]

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In order to state a cognizable retaliation claim, plaintiff must address all of the Rhodes

---

[1] Personal participation in the retaliatory conduct, and not merely the existence of a supervisory relationship, is required to hold supervisors liable. Ashcroft, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A person does not become liable for retaliation merely because he or she knows of, or is a supervisor of, someone who engages in retaliation. Cf. Ashcroft, 556 U.S. at 677. Each defendant must be aware of the protected conduct and that conduct must give them a retaliatory motive that causes the chilling adverse conduct; mere speculation is insufficient. Id.

elements as to each named defendant.

## Putative Eighth Amendment Claim

It is unclear whether plaintiff can state a cognizable Eighth Amendment claim based on a failure to provide adequate medical care.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

Thus, plaintiff's allegation that defendant Hernandez failed to apply a new band aid rises only to the level of potential negligence, particularly where plaintiff was provided new band aids to apply himself. Plaintiff should not include such allegation in his amended complaint.

If plaintiff wishes to pursue an Eighth Amendment claim concerning how the bone biopsy was conducted, plaintiff must allege specific facts addressing the elements set forth above.

///

<u>Defendant Mule Creek State Prison</u>

In his complaint, plaintiff named Mule Creek State Prison as one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)( per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against Mule Creek State Prison are frivolous and must be dismissed.

<u>Defendant San Joaquin General Hospital</u>

Plaintiff also names the San Joaquin General Hospital as a defendant. However, plaintiff includes no charging allegations as to this defendant, so the Court is unable to evaluate whether he could potentially state a cognizable claim against the hospital. Accordingly, plaintiff's claims against San Joaquin General Hospital must be dismissed.

<u>Claim II</u>

In his second claim, plaintiff alleges that his right as a senior citizen was violated, marks the retaliation box, and then reiterates his retaliation claims set forth in Claim I. Plaintiff is advised that there is no federal cause of action governing his right as a senior citizen, and the Court finds his allegations in Claim II are subsumed within his First Claim.

<u>Claim III</u>

Plaintiff's claim that he was punished for being a black man, standing alone, is insufficient to state an equal protection claim.

"The Equal Protection Clause requires the State to treat all similarly situated people equally." <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985)). "This does not mean, however, that all prisoners must receive identical treatment and resources." <u>Hartmann</u>, 707 F.3d at 1123 (citing <u>Cruz v. Beto</u>, 405 U.S. 319, 322 n.2 (1972); <u>Ward v. Walsh</u>, 1 F.3d 873, 880 (9th Cir. 1993); <u>Allen v. Toombs</u>, 827 F.2d 563, 568-69 (9th Cir. 1987)).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts

1   plausibly showing that "'the defendants acted with an intent or purpose to discriminate against
2   [them] based upon membership in a protected class.'" Hartmann, 707 F.3d at 1123 (citing
3   Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los
4   Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).  Or, in the alternative, plaintiff must demonstrate
5   that similarly situated individuals were intentionally treated differently without a rational
6   relationship to a legitimate state purpose.  Engquist v. Oregon Department of Agr., 553 U.S. 591,
7   601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd.
8   v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d
9   478, 486 (9th Cir. 2008).
10         Here, plaintiff alleges that defendants Dr. Nyo and RN Hernandez performed the bone
11  biopsy in retaliation for plaintiff's grievances filed against Hernandez.  There are no allegations
12  demonstrating that he was intentionally discriminated against on the basis of his membership in a
13  protected class, or that he was intentionally treated differently than other similarly situated
14  inmates without a rational relationship to a legitimate state purpose.  Therefore, plaintiff fails to
15  state a claim for relief for violation of his right to equal protection.
16  Leave to Amend
17         The court determines that the complaint does not contain a short and plain statement as
18  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
19  a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
20  v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
21  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
22  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
23  complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
24         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
25  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,
26  West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named
27  defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability
28  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

///

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  June 3, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/doss1092.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS,<br><br>             Plaintiff,<br><br>      v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>             Defendants. | No. 2:24-cv-1092 CSK P<br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

   (Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

11