UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS, | No. 2:24-cv-1092 CSK P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On June 4, 2024, plaintiff's complaint was dismissed, and plaintiff was granted thirty days to file an amended complaint. On June 17, 2024, plaintiff returned the notice of amendment form, checking the box indicating he was submitting an amended complaint. (ECF No. 9 at 9.) However, the documents submitted by plaintiff do not constitute an amended complaint. Instead, plaintiff provided a copy of the first page of an August 28, 2023 memorandum purportedly sent to the California Correctional Health Care Services and Receiver's Office of Legal Affairs by the Prison Law Office. (ECF No. 9 at 1.) The memo confirms that plaintiff underwent a bone marrow biopsy on March 6, 2023, and sought to ensure that plaintiff would receive his follow-up hematology oncology appointment which was cancelled due to his transfer to a different prison. (Id.) Plaintiff also provided copies of lay ins (dated March 23, 2023, January 24, 2023, and February 23, 2023). (Id. at 2-4.) Plaintiff included a brief handwritten note objecting that he is a minister who would not lie about a hot drill going into his

1  buttocks on March 6, 2023, and he was providing copies to show names and proof this occurred.
2  (Id. at 5.)  Plaintiff then writes: "[n]o results [were] given in 5-23-2024 the Doctor had nothing
3  about me are the results that I was seeking [sic]." (Id. at 5.)
4      Plaintiff's filing does not name an individual defendant, set forth the causes of action he
5  intends to pursue, or the relief he seeks or the injuries he allegedly suffered. See, e.g., Fed. R.
6  Civ. P. 8, 10.  Moreover, the June 4, 2024 order did not question that plaintiff received a bone
7  biopsy but rather set forth the specific elements that plaintiff must meet in order to state a
8  plausible retaliation claim. (ECF No. 6.)  If plaintiff intends to pursue his retaliation claims, he
9  must file an amended complaint on the court's complaint form and address all of the elements
10 identified in the June 4, 2024 order. (Id.)
11     Moreover, the memorandum provided by plaintiff confirms that he needed an oncology
12 follow-up appointment, but it is unclear whether he received such appointment.  It is unclear
13 whether plaintiff now seeks to bring an Eighth Amendment claim based on the delay in having
14 the appointment or receiving test results.  The June 4, 2024 order includes the standards
15 governing Eighth Amendment medical claims. (ECF No. 6 at 5.)  If plaintiff seeks to bring an
16 Eighth Amendment claim concerning delays in the oncology medical care, he must file an
17 amended complaint that identifies the defendant responsible for such delay, and provide facts to
18 support the claim:

> The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."

22 (ECF No. 6 at 6) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
23     Because plaintiff's June 17, 2024 submission does not constitute an amended complaint,
24 plaintiff is granted an additional thirty days in which to file an amended complaint that complies
25 with the June 4, 2024 order.  Plaintiff shall file his amended complaint on the court's complaint
26 form.  This will ensure that plaintiff provides all of the information needed to pursue his claims
27 under 42 U.S.C. § 1983.
28 ///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted an additional thirty days from the date of this order to complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must be filed on the court's complaint form, bear the docket number assigned to this case, and be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 26, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/doss1092.eot.ac

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-1092 CSK P<br><br><u>NOTICE OF AMENDMENT</u> |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

　　　　　　　　　　　☐　　Amended Complaint
　　　　　　　　　　　(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　_____
　　　　　　　　　　　Plaintiff

4