UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>Defendants. | No.  2:24-cv-1092 CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's amended complaint is before the Court. (ECF No. 12.)  As set forth below, plaintiff's first amended complaint ("FAC") is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.   PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff again names as defendants Mule Creek State Prison, Hla Nyo, Physician, Sabreana Hernandez, R.N., and the San Juan General Hospital. (ECF No. 12 at 1.)

In his first claim, plaintiff alleges retaliation, claiming his rights to a follow-up appointment for the bone biopsy results was denied. (Id. at 3.) Plaintiff claims he was lied to by the doctor and RN Hernandez, telling plaintiff he had blood cancer, and then a week later plaintiff was told he did not have blood cancer after having a hot drill drilled into his left upper buttocks. (Id.) Plaintiff claims that this was payback for all of the 602s plaintiff wrote on RN Hernandez. (Id.) Plaintiff claims that the appointment took one and a half years, "and when it occurred the blood doctor did not know anything about [plaintiff], and he did not have the results of the bone biopsy, and none was ever entered into plaintiff's medical records." (Id.) Plaintiff contends this was because the biopsy was not done for medical reasons but was punishment for plaintiff filing 602's on defendant R.N. Hernandez, and the doctor went along with the lie. (Id.) Plaintiff contends the injury was the lie that he had blood cancer, had a hot drill drilled into his left upper buttocks during a bone biopsy, but then on March 8, 2023, plaintiff was told he did not have blood cancer. (Id.) In his second claim, plaintiff alleges retaliation and violation of his right to be free from pain and suffering based on RN Hernandez's lie, and the doctor going along with the lie. (Id. at 4.) In his third claim, plaintiff alleged violation of his right as a senior citizen based on retaliation by RN Hernandez. (Id. at 5.)

Plaintiff seeks money damages, and reimbursement for the Court's filing fee.  (Id. at 6.)

IV.     STANDARDS GOVERNING RETALIATION CLAIMS

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

V.      DISCUSSION

   A.  Defendants Dr. Nyo and RN Hernandez

Liberally construed, the gravamen of plaintiff's FAC is that he was lied to by defendant Hernandez, who told plaintiff he had blood cancer in retaliation for the grievances plaintiff filed against her, and that Dr. Nyo went along with the lie.  As a result, plaintiff alleges he suffered a painful bone biopsy.  A week after the biopsy, plaintiff was informed he did not have blood cancer.  The Court again finds that plaintiff fails to provide sufficient factual allegations to demonstrate that his retaliation claim is plausible.

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

As was the case with the complaint, in the FAC, plaintiff again fails to provide facts demonstrating that Dr. Nyo was even aware of plaintiff's grievances against defendant Hernandez, or explaining why a doctor would "go along" with defendant Hernandez's alleged retaliatory motive.  Such facts are critical to a purported retaliation claim, particularly where it is the doctor, not the nurse, who would order the bone biopsy.  Moreover, alleging that a supervisor was "aware" is insufficient, particularly where plaintiff is raising a retaliation claim against Dr. Nyo.  Personal participation in the retaliatory conduct, and not merely the existence of a supervisory relationship, is required to hold supervisors liable.  Ashcroft, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A person does not become liable for retaliation merely because he or she knows of, or is a supervisor of, someone who engages in retaliation.  Cf. Ashcroft, 556 U.S. at 677.  Each defendant must be aware of the protected conduct and that conduct must give them a retaliatory motive that causes the chilling adverse conduct; mere speculation is insufficient.  Id.  Just because the bone biopsy results showed no blood cancer does not demonstrate that the medical test (the bone biopsy) was not needed to rule out the presence of cancer or other medical concerns.  As plaintiff was previously informed, he must address all of the Rhodes elements as to each named defendant in order to state cognizable retaliation claims.

Further, plaintiff must provide more context for how he received a bone biopsy, and on what facts he bases his claim that Dr. Nyo "went along with" defendant Hernandez's purported plot to subject plaintiff to a bone biopsy to punish him rather than to determine he was not suffering from cancer because it is common knowledge that bone biopsies are performed to diagnose certain cancers.  Indeed, conducting a bone biopsy is a legitimate medical test to diagnose whether or not a patient has blood cancer, which would serve a legitimate penological

5

purpose. Plaintiff's allegation that he has not received a follow up appointment concerning the bone biopsy results is at odds with his allegation that he was told a week after the biopsy that he did not have bone cancer, which suggests that he was provided with the results and again raises an inference that the biopsy was performed to determine whether plaintiff had blood cancer. And if plaintiff were not having blood issues, it is not clear why he would see an unidentified "blood doctor" a year and a half after the biopsy. (ECF No. 12 at 3.)[1] If plaintiff had no blood-related concerns, it is unclear why he would be seen by a blood doctor a year and a half later, despite plaintiff's apparent belief he did not need a bone biopsy, and his new claim that the blood doctor did not know anything about plaintiff and had no bone biopsy results. Indeed, prisoners are not referred to specialists such as a "blood doctor," unless the prisoner has a serious medical need requiring such appointment.

In addition, plaintiff claims the bone biopsy was performed off site at San Juan General Hospital. It is not plausible that a doctor at San Juan General Hospital would perform a bone biopsy without an order from the Chief Medical Executive authorizing the off site procedure. Generally, a prison doctor's recommendations for specialized off site procedures or surgeries must be approved by their supervising official and then the procedure is sent for scheduling.

For the above reasons, the Court finds plaintiff again fails to state cognizable retaliation claims as to Dr. Nyo and RN Hernandez. Plaintiff is granted one final opportunity to file a second amended complaint that includes sufficient facts for this Court to determine whether plaintiff can state a plausible retaliation claim.

B. <u>Defendant San Joaquin General Hospital</u>

Plaintiff also names the San Joaquin General Hospital as a defendant. However, plaintiff includes no charging allegations as to this defendant, so the Court is unable to evaluate whether he could potentially state a cognizable claim against the hospital. Accordingly, plaintiff's claims against San Joaquin General Hospital must be dismissed.

---

[1] It appears plaintiff was seen by the blood doctor after plaintiff was transferred to High Desert State Prison on April 3, 2023 (ECF No. 12 at 4). Thus, such referral appears to have no connection to defendants Dr. Nyo and Hernandez, both of whom are employed at Mule Creek State Prison. (ECF No. 12 at 1-2.)

    C. <u>Defendant Mule Creek State Prison</u>

In his FAC, plaintiff named Mule Creek State Prison as one of the defendants. However, as plaintiff was previously informed, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)( per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against Mule Creek State Prison are frivolous and must be dismissed. Plaintiff should not include Mule Creek State Prison as a defendant in any second amended complaint.

## VI. LEAVE TO AMEND

This Court finds the allegations in plaintiff's FAC so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court has determined that the FAC does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each named defendant engaged in that support plaintiff's claim. See <u>id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed. The Court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., <u>West</u>, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

7

268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 12) is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the Court:

    a. The completed Notice of Amendment; and

    b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 13, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/doss1092.14b

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-1092 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　　Second Amended Complaint
(Check this box if submitting a Second Amended Complaint)

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

9