UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>    Defendants. | No. 2:24-cv-1092 TLN CSK P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Thus, plaintiff's motion is denied without prejudice.

In his motion, plaintiff again expresses confusion as to why the Court does not have his paperwork.[1] (ECF No. 19.) However, the Court dismissed plaintiff's first amended complaint on March 14, 2025, and granted him leave to file a second amended complaint within thirty days. (ECF No. 14.) Since that time, plaintiff has only filed a one-page notice of amendment form; no second amended complaint was included. (ECF No. 15.) On April 9, 2025, the Court explained to plaintiff that no second amended complaint was received and granted him an additional fourteen days in which to file the second amended complaint. (ECF No. 16.) On May 2, 2025, the Court recommended that this action be dismissed because plaintiff has not filed a second amended complaint. (ECF No. 18.) If plaintiff has an original or a copy of his second amended complaint (not the notice of amendment form), he should file it along with objections to the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 19) is denied without prejudice.

Dated: May 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/doss1092.31

---

[1] Plaintiff also comments that he does not have another $350.00 in his inmate trust account. However, the Court is not requiring plaintiff to pay an additional $350.00 in connection with this case.